### STATE v. VILLACI.

No. 031-788R.

County Court, Dade County.

April 7, 1978.

Marc I. Feig, Hialeah, for the defendant.

STEVEN D. ROBINSON, County Court Judge.

This case came for trial before the court on March 24, 1978 at Hialeah, Dade County. The defendant is charged with driving 58 miles per hour in a 40 mile per hour zone.

Officer Moller of the Hialeah police testified that he "clocked" the defendant's vehicle by doppler radar system. Counsel for the defendant moved to strike the testimony of defendant's speed because the radar device had not been tested in conformity with Florida Statute 316.1905 and the rules of the Department of Highway Safety and Motor Vehicles, Division of Florida Highway Patrol, Chapter 15B-2 entitled "Speed Measuring Devices" (hereinafter, "rules").

F.S. 316.1905(1) assigns the Department of Highway Safety and Motor Vehicles with the responsibility to establish procedures for testing devices' accuracy. Pursuant to this authority the department's rules, supra, seem to indirectly prescribe that tests must be performed every six months by a Federal Communications Commission licensor, a competent jeweler or watch repairsmith (Rule 15B-2.02(3)). The defendant first objected and argued that this test must be performed within the parameters of Rule 15B-2.02(2) which reads —

> "All automatic speed measuring devices . . . shall (2) accurately indicate speeds within no more than plus or minus one (1) mile per hour over an indicated speed range of twenty-five (25) to ninety (90) miles per hour with ambient temperatures of twenty (20) to one hundred (100) degrees Fahrenheit; which accuracy shall be obtained within no more than a one (1) minute warm up period."

The court reads and interprets that these parameters are not requirements of the test, but are merely requirements for the device to be approved by the Department of Highway Safety and Motor Vehicles (the "department").

Careful reading of the rules does not disclose what or even specifically who must test automatic speed measuring devices, which include electronic, electric and mechanical devices, e. g., speedometers.

Special requirements exist for doppler radar devices, and the defendant further objected that the doppler radar device was not tested in accordance with Rule 15B-204, which states —

> "The operator of a doppler radar device shall test the unit for speed accuracy as outlined in paragraph 15B-202(2) and complete a certificate, signed and witnessed, showing that such device was tested within the time period specified and that such device was working properly."

At the trial the police officer who operated the unit testified that he did test the radar device with a calibrated tuning fork, accurate to show forty miles per hour. His test did not indicate the device's accuracy between temperatures of twenty and one hundred degrees Fahrenheit, or between speeds of twenty five to ninety miles per hour (Rule 15B-2.02(2), quoted above).

For the second test the rules require that the test be performed through the wide parameters of Rule 15B-2.02(2) by the operator. The court must therefore grant the defendant's motion to strike the testimony with respect to the defendant's speed.

82

The court is troubled by its ruling. Operators of doppler devices are as a rule not technicians, and they lack the ability to perform the highly technical tests required. In addition, multiple operators are customarily assigned to use the same radar device, yet each is required to make a test. The court doubts that the drafters of the rules meant for them to require what the language of the rules states. The effect of these rules is that radar devices will become practically inoperable until the rules are amended.

Even if the court were to interpret the term "operator" to mean the agency or police department possessing the device, which would allow a technician employed by the agency to test the device, there was no evidence presented that the device was properly tested, within Rule 15B-2.02(02).

The court orders a judgment of aquittal to the defendant in this case.